**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH MICHAEL MYERS, | No. 07-72858 |
| Petitioner, | Agency No. A030-772-080 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 4, 2010
Pasadena, California

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

The Board of Immigration Appeals's ("BIA") denial of Kenneth Michael

Myers's ("Myers") request to terminate his removal proceedings was not an error,

because the April 26, 2004 letter from the Department of Homeland Security

("DHS") did not constitute an affirmative communication that Myers had prima

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

facie eligibility to naturalize. Indeed, DHS lacked the power to issue such a communication because Myers was then in removal proceedings. 8 U.S.C. § 1429. Contrary to Myers's assertions, the regulations governing termination of removal do not create a Catch-22 situation for aliens seeking to naturalize while in removal proceedings; rather, an alien must obtain the requisite "affirmative communication" from the DHS "*prior to*, and outside, the [removal] proceedings." *Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 934 (9th Cir. 2007) (emphasis added).

Myers did not demonstrate reliance on the now-repealed § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), when he rejected a plea agreement and elected a jury trial, and therefore he is not now entitled to § 212(c) relief. *See INS v. St. Cyr*, 533 U.S. 289, 325–26 (2001); *Armendariz-Montoya v. Sonchik*, 291 F.3d 1116, 1121–22 (9th Cir. 2002). For the same reason, Myers failed to demonstrate reliance on the prior version of § 101(a)(13), 8 U.S.C. § 1101(a)(13), and therefore he was not entitled to avoid being deemed inadmissible upon his reentry into the country. *See Camins v. Gonzales*, 500 F.3d 872, 884–85 (9th Cir. 2007).

Because Myers was inadmissible and therefore statutorily ineligible for § 212(c) relief, he cannot establish prejudice stemming from the IJ's denial of

Myers's request to submit evidence regarding the equities of his case; thus, his due process rights were not violated. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006). Finally, because there is a rational basis for Congress's distinction between aliens who sought § 212(c) relief prior to its repeal and those who did so after, Myers cannot demonstrate an equal protection violation. *See de Martinez v. Ashcroft*, 374 F.3d 759, 764 (9th Cir. 2004).

**PETITION DENIED.**